# EXHIBIT

# A

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/31/2020 2:22 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jorge Montes

STATE OF NEW MEXICO
SANTA FE COUNTY
FIRST JUDICIAL DISTRICT COURT

COURTNEY BUSTAMANTE,
      Plaintiff,

                                     Case assigned to Sanchez-Gagne, Maria

v.                                 No. D-101-CV-2020-01880

GOVERNMENT EMPLOYEES INSURANCE COMPANY, and
GEICO GENERAL INSURANCE COMPANY,
      Defendants.

## COMPLAINT for DECLARATORY JUDGMENT

COMES NOW Plaintiff Courtney Bustamante by Carter & Valle Law Firm, P.C. (Richard J. Valle), and for her Complaint in this matter hereby states:

1.      Plaintiff is a resident of Dona Ana County.

2.      Defendants Government Employees Insurance Company and GEICO General Insurance Company (GEICO) are insurance companies licensed to do business in New Mexico that sold the insurance policy which is at issue in this matter to Plaintiff's parents Manuel and Brenda Bustamante.

3.      On information and belief, Defendant Government Employees Insurance Company employs the adjusters who provided claims handling to Plaintiff.

4.      The Superintendent of Insurance is located in the County of Santa Fe, State of New Mexico and may accept service of process for Defendants at 1120 Paseo de Peralta in Santa Fe, New Mexico 87501.

5.      This court has jurisdiction over the parties and the venue is proper.

6.      On information and belief, GEICO General Insurance Company employs the adjusters who provided claims handling to Plaintiff.

1

7.    At the behest of GEICO, on or about 11/15/11, Plaintiff's mother Brenda Bustamante was induced to sign a UM/UIM Selection Form rejecting UM/UIM insurance for four vehicles.

8.    Defendants' 2011 form did not allow Plaintiff's parents to select coverage in anything other than an "all or nothing" combine approach for the two vehicles at the time.

9.    Plaintiff's parents had no meaningful opportunity to make an informed selection of UM/UIM insurance.

10.    Since 2011, Defendants failed to conduct a regular meeting with their insureds to discuss whether their coverage should be updated or changed.

11.    A motor vehicle collision occurred on or about September 7, 2014 at which time Plaintiff was an "additional driver" on her parents' GEICO policy.

12.    The tortfeasor for the September 7, 2014 crash was solely at fault for that collision.

13.    The tortfeasor did not carry sufficient coverage for the damages caused by the crash.

14.    The tortfeasor's insurer eventually offered its insurance policy limits.

15.    Plaintiff sought and received GEICO's consent to accept those insurance policy limits.

16.    Plaintiff made a claim for UIM coverage under her policy.

17.    The Declaration page of the GEICO policy in effect at the time of the collision, indicates UM/UIM coverage was "rejected;" however, no rejection selection form was attached to said Declaration page.

18.    Plaintiff's parents then demanded payment of UM/UIM benefits for Plaintiff who was a minor at the time of the collision and Defendant refused to pay those benefits based an

alleged rejection of UM/UIM benefits.

## COUNT I: BREACH OF CONTRACT

19.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

20.     Plaintiff was a third party beneficiary of the contract between her parents and Defendant.

21.     Defendants acts and failures to act, as enumerated above, constitute a willful breach of its Contract.

22.     Plaintiff's parents performed all conditions precedent to Plaintiff's contract with Defendant.

23.     As a direct result of the breach of the contract by Defendants, Plaintiff has suffered damages in an amount to be determined at trial.

24.     Defendants acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

25.     Defendants actions were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT II: CONTRACTUAL BENEFITS

26.     Plaintiff incorporate by reference all prior allegations as if set forth herein in full.

27.     Pursuant to its contract of insurance, Defendants owe Plaintiff insurance benefits under the policy.

28.     Plaintiff has sustained a loss greater than the policy limits sought in this case.

29.     Plaintiff and her parents have cooperated with every request by Defendants

concerning the claim for contractual benefits.

30.     Plaintiff and her parents have complied with all conditions precedent to the claim for contractual benefits with Defendant.

## COUNT III: UIM BENEFITS

31.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

32.     Pursuant to its contract of insurance, Defendants owe Plaintiff UIM insurance benefits under the policy.

33.     Plaintiff and her parents have cooperated with every request by Defendants concerning the claim for the UIM benefits.

34.     Plaintiff and her parents have complied with all conditions precedent to the claim for UIM benefits with Defendant.

35.     Plaintiff has sustained a loss greater than the policy limits sought in this case.

36.     Defendants owe Plaintiff for the loss under the policy.

## COUNT IV: INSURANCE BAD FAITH

37.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

38.     In issuing insurance policies to Plaintiff and adjusting claims, Defendants have a duty to act in good faith and to treat their policyholders in a fair manner, to hold their insureds' interests equal to that of its own, and to act honestly, both in fact and in law, in these dealings.

39.     Defendants negligently or intentionally failed to comply with their duty to treat their policyholders in good faith.

40.     Defendants, having undertaken the role of a sales agent, negligently failed to consider Plaintiff's needs of an annual or more frequent consultation as to coverage.

41.     In undertaking the wrongful acts described herein, Defendants breached their duty

of good faith and fair dealing, causing damage to Plaintiff in an amount to be proven at trial, and warranting the imposition of punitive damages as permitted by law.

## COUNT V: UNFAIR INSURANCE CLAIM PRACTICES

42.     Plaintiff incorporate by reference all prior allegations as if set forth herein in full.

43.     The acts and failures to act of Defendants, as enumerated above, constitute unfair claims practices which are prohibited pursuant to the New Mexico Unfair Insurance Claims Practices Act, NMSA 1978, §59A-16-20.

44.     Specifically, Defendant knowingly engaged in acts with such a frequency as to indicate a general business practice of failing to act reasonably promptly with respect to claims from insureds arising under policies; and not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear with such frequency as to indicate that such conduct is Defendant's general business practice.

45.     As a result of the unfair claims practices of Plaintiff has suffered damages in a monetary amount to be determined at trial.

46.     Plaintiff is also entitled to an award of attorney fees and costs under the statute.

## COUNT VI: UNFAIR TRADE PRACTICES

47.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

48.     The acts and failures to act by Defendants as enumerated above constitute unfair and deceptive trade practices and unconscionable trade practices which are illegal and prohibited pursuant to the New Mexico Unfair Trade Practices Act, NMSA 1978, §§57-12-1.

49.     As a direct result of Defendant's unfair and deceptive trade practices and unconscionable trade practices, Plaintiff has suffered damages in a monetary amount to be determined at trial.

50.     Plaintiff is also entitled to attorney fees, statutory and treble damages for violations of the Unfair Trade Practices Act.

51.     The acts and failures to act by Defendants were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT VII: DECLARATORY JUDGMENT

52.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

53.     An actual controversy exists between all parties named in this Complaint, thereby rendering declaratory relief proper pursuant to Rule 1-057 NMRA and the New Mexico Declaratory Judgment Act, NMSA 1978, § 44-6-1 through -15 (1975) ("Declaratory Judgment Act").

54.     GEICO claims that its Uninsured/Underinsured Motorists Coverage Information and Selection Form is valid under New Mexico law, and that it followed appropriate procedures for the rejection of UM/UIM insurance coverage.

55.     GEICO's form is invalid and, in this instance, GEICO failed to follow the appropriate procedures for the rejection of UM/UIM insurance coverage.

56.     Plaintiff requests that the Court declare that the Policy at issue provides UM/UIM insurance equal to the liability bodily injury policy limits, and that those limits be stacked.

57.     Pursuant to the Declaratory Judgment Act, Plaintiff requests the Court to declare the rights, status, and liabilities of the parties under the Policy issued by GEICO.

**PLAINTIFF REQUESTS TRIAL BY A JURY.**

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages (including statutory, punitive, and compensatory) as determined at trial, together with the costs of this

litigation, pre-judgment and post-judgment interest, reasonable attorney fees, punitive damages, as well as an early mediation at Defendant's expense as set forth in NMSA 1978 §57-12-1 et seq, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**CARTER & VALLE LAW FIRM, P.C.**

*/s/Richard J. Valle, Esq.*
Richard J. Valle, Esq.
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
PHONE:  (505) 888-4357
FAX:  (505) 883-5613
rv@carterlawfirm.com